IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROSS RHOADES, JR.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT,** | : | |
| **SCI MAHANOY, ET AL** | : | **NO. 14-4321** |

**O R D E R**

**AND NOW**, this 19th day of August, 2015, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 (Doc. No. 1) along with related filings and after a review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Doc. No. 15) and all responses thereto,[1] it is hereby **ORDERED** that:

---

[1] The petitioner makes fourteen objections to the Magistrate Judge's Report and Recommendation (R & R). They are redundant. Most include the same arguments already asserted in the petitioner's response to the Commonwealth's opposition. I will address those which specifically challenge the Report itself. See Doc. No. 11. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72.

First, the petitioner takes issue with the R & R's recitation of the facts. The Report quotes the facts verbatim from the Pennsylvania Superior Court's direct appeal decision. See Commonwealth v. Rhoades, 8 A.3d 912 (Pa. Super. 2010). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court is to presume the state court's findings of fact are correct; the petitioner can rebut that presumption only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also 28 U.S.C. § 2254(d)(2). The petitioner has not presented clear and convincing evidence that these facts are incorrect.

Next, the petitioner argues that the standard of review should be *de novo* and not the deferential standard found in AEDPA, 28 U.S.C. § 2254(d). As the R & R has explained, those claims brought before the state court did not result in a "decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States…" 28 U.S.C. § 2254(d)(1). The federal court must defer to the state court's legal conclusions under AEDPA.

According to the petitioner, the state court unreasonably applied Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), "by considering the facts in favor of the State as the verdict winner and fail[ing] to start its analysis with the totality of the circumstances." He cites Jacobs v. Horn, 395 F.3d 92, 105-07 (3d Cir. 2005), for this argument. While Jacobs did find that the Pennsylvania state court unreasonably applied Strickland, Jacobs is distinguishable from this case, factually and legally. The petitioner has not shown how the state court unreasonably applied Strickland in his case, thereby requiring *de novo* review by this court.

1

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

---

The petitioner also takes issue with the Report's rendering of Strickland on pages 9-10. The Report quotes Strickland directly. I do not understand how including a quotation from Strickland could be an inaccurate reading of it. This argument is meritless.

Lastly, the petitioner argues that merits review of claim three is not procedurally barred. Claim three states that trial counsel was ineffective because counsel "failed to complete the written plea colloquy form which would have alerted the judge taking the plea to find out whether the Petitioner was under the influence of Sinequan at the time he entered the plea." As the R & R explains, this is the first time that the petitioner raises this issue. "If state avenues of relief, including post-conviction proceedings, have been exhausted, but the petitioner has failed to raise the alleged grounds for error, the claim is procedurally defaulted and may not be raised in federal court." Hull v. Kyler, 190 F.3d 88, 97 (3d Cir. 1999). Review of the merits of this claim would be procedurally barred under the AEDPA. O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1731 (1999). A petitioner may overcome a procedural bar by showing "cause and prejudice" or a miscarriage of justice. See, e.g., Johnson v. Folino, 705 F.3d 117, 127 (3d Cir. 2013)(citing Holloway v. Horn, 355 F.3d 707, 715 n. 3 (3d Cir. 2004) and Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

To this point, the petitioner argues that there was "cause" because his PCRA counsel was ineffective under Martinez v. Ryan, 132 S.Ct. 1309 (2011). His PCRA counsel is the same counsel representing him in this case. Martinez held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315.

Whether a petitioner's habeas counsel can offer her own ineffectiveness as PCRA counsel under Martinez to show "cause" is seemingly an open question. On its face, the argument has validity under Martinez. However, allowing such an argument could create situations which would thwart the purpose of AEDPA. Counsel could simply not raise a claim in state court, which would likely fail under state court rules, in hopes that a federal court might find it has merit.

Even if counsel's admitted lack of effectiveness during PCRA proceedings could serve as "cause," the petitioner has not established "prejudice" to overcome the default. "The mere fact that a defendant was under medication at the time of his plea does not, of itself, entitle him to withdraw his plea." Commonwealth v. Jackson, 569 A.2d 964, 966 (Pa. Super. 1990)(citing Commonwealth v. Hazen, 462 A.2d 732 (Pa. Super. 1983)). The plea transcript indicates that the petitioner was alert and answered questions put forth by the court. He gave no indication that he was confused or did not understand his plea agreement, which he had signed. See Doc. No. 14, Ex. 62. At the beginning of the hearing, there was even discussion about how one count would be handled by the court prior to the entry of the plea. The petitioner and his counsel were still negotiating points of the agreement up until the plea was taken, indicating that the petitioner was not passively participating in the guilty plea process.

The petitioner also signed the written colloquy and did not indicate that he was treating for mental illness. See Doc. No. 14, Ex. 25. Because he answered "no" to that question, the follow-up questions about whether he was taking medications affecting his ability to understand the proceedings were left blank (as the questions themselves instructed). It would have been best for the judge and/or petitioner's counsel to have specifically noted the petitioner's mental health state at the time of the plea—especially given the order for a psychiatric evaluation of the petitioner prior to the plea hearing. However, the lack of such a record does not, in itself, render a guilty plea invalid. The totality of the circumstances of the plea must show that the plea was not entered into knowingly and voluntarily. See Hazen, 462 A.2d at 562-63.

As to his other defaulted claims, the petitioner argues the merits of these claims and again offers counsel's ineffectiveness in the PCRA stage as "cause" under Martinez. The petitioner, however, has not shown "prejudice" to overcome the default. This court is barred from reviewing the merits of those defaulted claims.

For these reasons, I will approve the Magistrate Judge's Recommendation to deny the petitioner habeas relief.

2

2. The petition for writ of habeas corpus is **DENIED** without prejudice.

3. There is no probable cause to issue a certificate of appealability.

The Clerk of the Court shall mark this case **CLOSED** for statistical purposes.

BY THE COURT:

/s/Lawrence F. Stengel
LAWRENCE F. STENGEL, J.